MATTER OF VOLOS

In Deportation Proceedings

A–11587815

*Decided by Board January 23, 1967*

Neither the Board of Immigration Appeals nor the special inquiry officer has jurisdiction to consider in deportation proceedings the validity of the 1960 order entered by the District Director rescinding respondent's adjustment of status granted under section 245 of the Immigration and Nationality Act, as amended.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of entry—section 212(a)(20)—no immigrant visa.

ON BEHALF OF RESPONDENT:
Harold D. Safir, Esquire
15 Maiden Lane
New York, New York 10038

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

Respondent's appeal from the order of the special inquiry officer finding him deportable on the ground stated above and granting him voluntary departure will be dismissed.

Respondent, a 28-year-old male, a native and citizen of Greece, admitted as a crewman on March 15, 1958, deserted the vessel and married a United States citizen. He applied for adjustment of status (section 245 of the Act) on March 25, 1959. The Service granted his application on April 23, 1959. The Service notified respondent on May 16, 1960 that it proposed to rescind the adjustment—the Service believed that respondent obtained his adjustment on the basis of a fraudulent marriage. Respondent hired an attorney who by letter dated June 13, 1960 asked for an opportunity to present respondent's case. The Service notified counsel on June 17, 1960 that an interview was set for June 23, 1960. Counsel and respondent did not appear. On June 27, 1960, counsel was telephonically advised to appear with the alien on July 1, 1960. Neither counsel nor the respondent appeared on this date. The District Director entered an order rescinding the

adjustment of status and on July 21, 1960 addressed letters to respondent and counsel advising them respondent's status had been rescinded Counsel's copy of the letter was delivered; respondent's copy, sent by certified mail, was returned to the Service as undeliverable. Respondent had moved a month or two after hiring his attorney. He thought that his attorney had told him that rescission proceedings had terminated favorably in his favor. After receiving the advice, he did not again see his attorney. He did not file a change of address card. He thought it was unnecessary to do so as he was a permanent resident and had an alien registration card.

In March 1965, respondent returned to the United States after a short stay in Mexico where he went to obtain a divorce. Sometime in 1965, he applied for naturalization and then discovered that he was considered illegally in the United States. Deportation proceedings were started on June 10, 1965.

Respondent is charged in deportation proceedings with having entered the United States without a visa on his return from Mexico in 1965. Counsel contends respondent did not need a visa upon this return because he had the alien registration card on which a legally resident alien can return to the United States and respondent must be considered a legally resident alien since the rescission proceedings were invalid because of procedural defects, the lack of due process, the failure to permit him to present his case and to examine the evidence against him, and the absence of a valid basis for rescission.

The special inquiry officer, while permitting counsel to make his statement as to the rescission proceeding for the record, refused to consider any attack on the validity of the proceeding. The special inquiry officer pointed out that if it could be reopened, there would come into play the statutory provision barring the rescission of an adjustment of status after the passage of five years. Thus, even though a justifiable case for rescission were established by the Service upon the reopened hearing, it would be prevented from rescinding the adjustment. The appellate trial attorney also contends that since the Service is content to stand upon the rescission record, respondent can obtain review by requesting the District Director to reconsider the rescission proceeding or by obtaining judicial review. He contends that neither the Board nor the special inquiry officer has jurisdiction to review the validity of the rescission proceeding.

We do not believe that either we or the special inquiry officer have the jurisdiction to consider the validity of the rescission proceeding under the circumstances of this case. Under the regulations in effect at the time of the rescission, the order in a rescission proceeding was made by the District Director. (Appeal, if any, was to the Regional

Commissioner.) (22 F.R. 9801 (1957), 23 F.R. 9124 (1958).) No regulation ever made the decision of the District Director that of the Board.

A reconsideration of the District Director's decision must be made under present regulations. These regulations provide that a motion for reopening or reconsideration of a rescission proceeding is to be decided ". . . by the officer who has the jurisdiction over the proceeding or who made the decision." (8 CFR 103.5, 246.8, revised as of January 1, 1965.) There is no rescission proceeding pending over which we have jurisdiction. The rescission decision was made by the District Director; an administrative reconsideration of the rescission order can be made only by him. Under the circumstances of this case, we are bound by the order rescinding the adjustment of status (see *Matter of DeG—*, 8 I. & N. Dec. 325).

After the adjustment of status was rescinded, respondent was not a legally permanent resident. Upon his return to the United States from Mexico, he was making an "entry." He was then required to present a visa in order to obtain admission to the United States legally for permanent residence. Since he was without a visa and since there was no prejudicial error in the conduct of the deportation proceeding, we find the charge is sustained.

Counsel's letter of December 28, 1966 and the Service reply of January 4, 1967 (served on counsel on the same date) have been considered. The evidence establishing that the respondent had no legal status in the United States when he left for Mexico, and that he did not have a visa when he returned is clear, unequivocal and convincing.

**ORDER:** It is ordered that the appeal be and the same is hereby dismissed.