**Ahmad WAZIRI, Petitioner,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 21129.**

United States Court of Appeals Ninth Circuit.

Jan. 18, 1968.

William C. Wunsch (argued), of Faulkner, Sheehan & Wiseman, San Francisco, Cal., for appellant.

Charles Elmer Collett (argued), Asst. U. S. Atty., Cecil F. Poole, U. S. Atty., Steve Suffin, Immigration & Naturalization Service, San Francisco, Cal., for appellee.

Before MERRILL and ELY, Circuit Judges, and WEIGEL, District Judge.

WEIGEL, District Judge:

On April 8, 1964, in rescission proceedings under section 246 of the Immigration and Nationality Act, 8 U.S.C. § 1256, a special inquiry officer ordered that petitioner Ahmad Waziri's permanent resident status be rescinded. An appeal from this order to the Board of Immi-

gration Appeals was dismissed on July 24, 1964. Later, however, the Board of Immigration Appeals ordered the rescission proceeding reopened for the introduction of additional evidence on behalf of Waziri. On June 3, 1965, after the new hearing, the special inquiry officer ordered that no change be made in his decision of April 8, 1964. The Board of Immigration Appeals dismissed an appeal taken to it on December 13, 1965.

On the basis of the order rescinding Waziri's permanent resident status, the Immigration and Naturalization Service instituted deportation proceedings pursuant to section 242(b) of the Immigration and Nationality Act, 8 U.S.C. § 1252(b). Following a hearing, the special inquiry officer entered an order finding Waziri deportable under section 241(a) (2) of the Act, 8 U.S.C. § 1251(a) (2) (1964), but granting the privilege of voluntary departure. This order became administratively final upon dismissal of an appeal to the Board of Immigration Appeals on July 1, 1966.

■ On July 20, 1966, petitioner sought review of both the rescission order and the deportation order under section 106(a) of the Act, 8 U.S.C. § 1105a(a) (Supp.1967). Section 106(a) provides that the sole and exclusive procedure for judicial review of all final orders of deportation made against aliens within the United States shall be by the court of appeals.

The order rescinding petitioner's permanent resident status is not literally a "final order of deportation", hence, by its literal language, section 106(a) of the Act does not confer jurisdiction on the court of appeals to review directly the rescission order. Nevertheless, both the petitioner and the respondent urge us to exercise jurisdiction under section 106(a) because the order rescinding Waziri's permanent resident status is so integrally related to the deportation order.

In Foti v. Immigration & Naturalization Serv., 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963), the Supreme Court refused to adopt a literal or narrow view of section 106(a)'s grant of jurisdiction to the court of appeals. The Court emphasized "that the basic [Congressional] purpose of § 106(a) was to expedite the deportation of undesirable aliens by preventing successive dilatory appeals to various federal courts * *." Id. at 226, 84 S.Ct. at 312, 11 L.Ed.2d at 288. Thus, the Court held that the section 106(a) power of review extended to an order denying suspension of deportation which was made in the course of a section 242(b) proceeding.

Various courts of appeals attempting to apply Foti in different factual contexts have reached conflicting conclusions concerning the proper scope of section 106(a). In Yamada v. Immigration & Naturalization Serv., 384 F.2d 214 (9th Cir. 1967), this court held that section 106(a) did not confer on the court of appeals ancillary jurisdiction to review an order denying a section 203 petition for first-preference quota immigrant status. The petition was filed and denied after the order of deportation had become final. The second and third circuits have adopted this position. The Court of Appeals for the Seventh Circuit has held to the contrary. Compare Li Cheung v. Esperdy, 377 F.2d 819 (2d Cir. 1967), and Tai Mui v. Esperdy, 371 F.2d 772 (2d Cir. 1966), and Cheng Fan Kwok v. Immigration & Naturalization Serv., 381 F.2d 542 (3d Cir. 1967), with Skiftos v. Immigration & Naturalization Serv., 332 F.2d 203 (7th Cir. 1964), and Roumeliotis v. Immigration & Naturalization Serv., 304 F.2d 453 (7th Cir. 1962).

The present case is distinguishable from Yamada. In Yamada the section 203 petition was not a predicate for the deportation order. In fact, the section 203 petition was not even filed until after the appeal from the deportation order had been dismissed. By contrast, when the rescission order deprived Waziri of permanent resident status, he became a non-immigrant who had overstayed his authorized time as a visitor and was thereby subject to immediate

deportation. Thus, the essence of Waziri's substantive challenge is to the underlying rescission order, not to the deportation order. The technical correctness of the deportation order is not open to serious challenge. If this court did not have jurisdiction to review the underlying rescission order, for all practical purposes, it could do no more than routinely approve the deportation order. Certainly section 106(a)'s objective of expedition would be thwarted if this court approved perfunctorily the deportation order while the district court reviewed the crucial underlying rescission order, and afterward this court reviewed on appeal the determination of the district court. The interdependency of the two orders requires that the section 106 (a) power of review extend to the order rescinding Waziri's permanent resident status. See Adamo v. United States, Civil No. 205–65, D.D.C., June 20, 1967.

█ In reviewing the findings of the special inquiry officer in the rescission proceeding, it is not possible to determine what standard of proof he applied in reaching his determination. His opinion does not discuss the matter. According to the usual standard imposed in administrative proceedings, the government would have had the duty to prevail by a preponderance of the evidence. However, on December 12, 1966, the Supreme Court held that "no deportation order may be entered unless it is found by *clear, unequivocal, and convincing evidence* that the facts alleged as grounds for deportation are true." Woodby v. Immigration & Naturalization Serv., 385 U.S. 276, 286, 87 S.Ct. 483, 488, 17 L.Ed. 2d 362 (1966). (Emphasis added.) The Court stressed that the hardship of deportation required that the government establish *its* allegations with a higher degree of proof than is required in ordinary civil actions.[1]

In its brief the government argues that the new *Woodby* standard for the burden

of proof applies only to the order of deportation and not to the underlying order rescinding petitioner's permanent resident status. The rescission order, contends the government, is governed by section 246(a) of the Act, 8 U.S.C. § 1256 (a) (1964), which provides for rescission action to be taken by the Attorney General if "it shall appear to the satisfaction of the Attorney General that the person was not in fact eligible for [a prior] adjustment of status." For reasons which are not entirely clear, the respondent insists that the existence of the language "to the satisfaction of the Attorney General" precludes the application of *Woodby* to the rescission proceeding. We cannot agree. Nothing in the language of section 246 defines the standard of proof required for the rescission hearing. The quoted language may bear on the wholly separate question of the scope of judicial review of the administrative findings, but that fact, even if true, is not determinative of the question of burden of proof. See Woodby v. Immigration & Naturalization Serv., 385 U.S. 276, 282, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966); Jaffe, Administrative Law: Burden of Proof and Scope of Review, 79 Harv.L.Rev. 914 (1966).

If the objective of *Woodby*—that aliens not be deported unless the facts alleged by the government are found to be true by clear, unequivocal, and convincing evidence—is to be realized, then the *Woodby* standard of proof must apply in the rescission proceeding.

█ Since the Supreme Court decision in *Woodby* was handed down after all of the administrative proceedings in this case, it is proper to remand the case for a new rescission proceeding under section 246. See Rassano v. Immigration & Naturalization Serv., 377 F.2d 971 (7th Cir. 1967). At the hearing the special inquiry officer is to apply the clear, unequivocal, and convincing evidence standard in determining whether the

---

I. However, the Court left no doubt that the clear, unequivocal, and convincing evidence test is less stringent than the criminal standard, proof beyond a reasonable doubt. Woodby v. Immigration & Naturalization Serv., 385 U.S. 276, 285, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966).

government has satisfied its burden of proof.

Accordingly, it is ordered that the rescission and deportation orders are hereby vacated, and the cause is remanded to the respondent for further proceedings consistent with the views expressed in this opinion.