Jacques Louis BACHELIER, Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 76–3899
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 17, 1977.

Fred F. Filsoof, Atlanta, Ga., for petition-
er.

John W. Stokes, U.S. Atty., Atlanta, Ga.,
Philip Wilens, James P. Morris, Rex L.
Young, Attys., Dept. of Justice, Govern-
ment Reg. & Labor Section, Crim. Div.,
Washington, D.C., for respondent.

Fred P. McCleskey, Dist. Dir., Immig. &
Nat. Serv., Atlanta, Ga., Troy A. Adams,
Jr., Dist. Dir., Immig. & Nat. Serv., New
Orleans, La., for other interested parties.

Before AINSWORTH, MORGAN and
GEE, Circuit Judges.

PER CURIAM:

Appellant Jacques Louis Bachelier seeks
direct review in this court of the refusal of
the Board of Immigration Appeals to re-
open proceedings in which Bachelier's sta-
tus as a permanent resident alien was re-
scinded.

Bachelier, a citizen of France, arrived in
this country as a "nonimmigrant visitor for
pleasure" in 1970. In 1971 he married an
American citizen, whereupon he applied for
and received adjustment of status to that of
"permanent resident alien."[1] On November
14, 1974, in rescission proceedings pursuant
to 8 U.S.C. § 1256[2] an immigration judge
determined that Bachelier's marriage was

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v.
Citizens Casualty Co. of New York et al.,* 5 Cir.
1970, 431 F.2d 409, Part I.

1. The record indicates that this adjustment was
pursuant to section 201 of the Immigration and
Nationality Act, 8 U.S.C. § 1151, which ex-
empts "immediate relatives of United States
citizens" from yearly numerical limits on aliens
admitted to the United States for permanent
residence.

2. 8 U.S.C. § 1256, entitled "Rescission of ad-
justment of status; report to Congress; effect
upon naturalized citizen" provides in pertinent
part:
   If, at any time within five years after the
   status of a person has been otherwise adjust-

ed under the provisions of section 1255 or
1259 of this title or any other provision of
law to that of an alien lawfully admitted for
permanent residence, it shall appear to the
satisfaction of the Attorney General that the
person was not in fact eligible for such ad-
justment of status, the Attorney General
shall rescind the action taken granting an
adjustment of status to such person and can-
celling deportation in the case of such person
if that occurred and the person shall thereup-
on be subject to all provisions of this chapter
to the same extent as if the adjustment of
status had not been made.

"a sham, that he was not entitled to immediate relative status by reason of his marriage" and accordingly the judge rescinded Bachelier's status as a permanent resident alien. Bachelier's appeal from the immigration judge's decision to the Board of Immigration Appeals was dismissed on May 12, 1975. His motion to reopen the section 1256 proceedings on the basis of newly acquired evidence was denied on September 3, 1976;[3] it is from the denial of this motion that Bachelier seeks direct review in the court of appeals.

The Hobbs Act[4] provides for direct review in the court of appeals of certain final administrative actions. The Immigration and Nationality Act adopts this direct review procedure and applies it to "final orders of deportation" promulgated pursuant to 8 U.S.C. § 1252(b).[5] The Supreme Court has held that in immigration matters direct review in the court of appeals is limited to final deportation orders under section 1252(b). *Cheng Fan Kwok v. INS,* 392 U.S. 206, 216, 88 S.Ct. 1970, 1976, 20 L.Ed.2d 1037 (1968).[6] Bachelier concedes that the status rescission of which he seeks direct review was made under section 1256 which pertains to rescission of adjustment of status, and not under section 1252(b) relative to deportability of an alien. He argues, however, that a rescission order "is of necessity the first step in [deportation] proceedings and, therefore, Petitioner maintains that the proceeding is in the nature of a deportation proceeding." Even if rescission proceedings are "in the nature" of deportation proceedings they are not "final orders of deportation" as specified by the statute providing for direct review and by the Supreme Court. We hold, therefore, that direct review in the court of appeals is inappropriate.[7]

APPEAL DISMISSED.

---

**3.** In denying Bachelier's motion to reopen the Chairman of the Board of Immigration Appeals wrote:

> The respondent's personal affidavit, as well as an undated and unsworn, statement submitted by his now estranged wife, do not constitute the evidentiary material contemplated and required by 8 C.F.R. 103.5 and 242.22. It appears that the respondent, now undergoing deportation proceedings, is attempting to engage in piecemeal litigation. Accordingly, the motion to reopen must be denied.

**4.** 64 Stat. 1129, 68 Stat. 961, 28 U.S.C. §§ 2341–2350, 2352, formerly 5 U.S.C. §§ 1031–1042.

**5.** Section 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a), provides in pertinent part:

> The procedure prescribed by, and all the provisions of sections 1031 to 1042 of Title 5 [the Hobbs Act, *supra* n.3], shall apply to, and shall be the sole and exclusive procedure for, the judicial review of all final orders of deportation heretofore or hereafter made against aliens within the United States pursuant to administrative proceedings under section 1252(b) of this title or comparable provisions of any prior Act, . . . . .

Section 1252(b) provides, "A special inquiry officer shall conduct proceedings under this section to determine the deportability of any alien," and describes the required procedure. The section further provides, "The procedure so prescribed shall be the sole and exclusive procedure for determining the deportability of an alien under this section."

**6.** In that case the Supreme Court said:

> We hold that the judicial review provisions of § 106(a) [8 U.S.C. § 1105a(a)] embrace only those determinations made during a proceeding conducted under § 242(b) [8 U.S.C. § 1252(b)], including those determinations made incident to a motion to reopen such proceedings.

*Cheng Fan Kwok v. INS,* 392 U.S. 206, 216, 88 S.Ct. 1970, 1976, 20 L.Ed.2d 1037 (1968).

**7.** In *Cheng Fan Kwok v. INS, supra* n. 6, the Supreme Court said:

> In situations to which the provisions of § 106(a) [8 U.S.C. § 1105a(a)] are inapplicable, the alien's remedies would, of course, ordinarily lie first in an action brought in an appropriate district court.

392 U.S. at 210, 88 S.Ct. at 1973.