**Paughnhun KUH, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 84–7413.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 1985.

Decided April 15, 1985.

Arthur D. Schonfeld, Encino, Cal., for petitioner.

George H. Wu, Los Angeles, Cal., for respondent.

Before WALLACE, FLETCHER and WIGGINS, Circuit Judges.

## ORDER

Petitioner seeks review of an order entered by the Board of Immigration Appeals pursuant to 8 U.S.C. § 1256 rescinding petitioner's status as a permanent resident. Because the order is not a final order of deportation subject to review under 8 U.S.C. § 1105a(a), and no final order of deportation has been entered in this case, this court is without jurisdiction to review the petition.

Petitioner Paughnhun Kuh, a 41 year-old native and citizen of Korea, obtained permanent resident status in this country on August 30, 1979. On April 14, 1980, the Immigration and Naturalization Service (INS) instituted proceedings, under 8 U.S.C. § 1256 [1] to revoke Kuh's permanent resident status. The INS alleged that Kuh was ineligible for an adjustment to permanent resident status because he had worked without a labor certificate before filing his adjustment application.

After a hearing, the Immigration Judge rescinded Kuh's permanent resident status. The Board of Immigration Appeals affirmed. Kuh petitions this court for review under 8 U.S.C. § 1105a(a).[2]

This court's direct review of immigration matters is limited by 8 U.S.C. § 1105a(a) to the review of final orders of deportation entered during the course of proceedings conducted pursuant to 8 U.S.C. § 1252(b). *See Cheng Fan Kwok v. INS*, 392 U.S. 206, 216, 88 S.Ct. 1970, 1976, 20 L.Ed.2d 1037 (1968). The INS rescinded Kuh's status under 8 U.S.C. § 1256. Kuh has not yet had a deportation hearing and no final order of deportation has issued.

Because the rescission order is not a final order of deportation, it is not independently reviewable by this court. *See Bachelier v. INS*, 548 F.2d 1157, 1158 (5th Cir. 1977); *see also Waziri v. INS*, 392 F.2d 55, 56 (9th Cir.1968). Once a final order of deportation has been issued, however, this court may review the rescission order. *See Bachelier v. INS*, 625 F.2d 902, 904 (9th Cir.1980).

Relying on *Bark v. INS*, 511 F.2d 1200 (9th Cir.1975), Kuh argues that this court has, on at least one occasion, assumed jurisdiction to review a similar order in the absence of a final order of deportation. Indeed, this court, in dicta, has described *Bark* as a case in which the court "as-

**1.** Section 1256 provides, in pertinent part:
"If, at any time within five years after the status of a person has been otherwise adjusted under the provisions of section 1255 or 1259 of this title or any other provision of law to that of an alien lawfully admitted for permanent residence, it shall appear to the satisfaction of the Attorney General that the person was not in fact eligible for such adjustment of status, the Attorney General shall rescind the action taken granting an adjustment of status to such person and cancelling deportation in the case of such person if that occurred and the person shall thereupon be subject to all provisions of this Act to the same extent as if the adjustment had not been made."

**2.** Section 1105a(a) provides "the sole and exclusive procedure for ... the judicial review of all final orders of deportation ... made against aliens within the United States pursuant to administrative proceedings under section 1252(b) of this title...."

sumed jurisdiction" to review an order adjusting status. *Bachelier*, 625 F.2d at 904. Kuh's reliance on *Bark* is misplaced, however. Although not mentioned in the opinion, the record reflects that the petitioner in *Bark* was subject to a final order of deportation. Thus, in that case the court properly assumed jurisdiction under section 1105a(a) to review the denial of adjustment of status. *See Bachelier*, 625 F.2d at 904.

Here, no final order of deportation has been entered. Accordingly, the petition is dismissed for lack of jurisdiction.