19 F.3d 28
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alisi Numia NOLAN, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-70509.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 17, 1993.*
Decided Feb. 15, 1994.
 
 1
 Before: SKOPIL, THOMPSON, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Alisi Manupule (formerly Alisi Nolan) petitions for review of a July 7, 1992 order issued by the Honolulu District Director of Immigration denying a further extension of time in which to depart the United States voluntarily, and a March 13, 1986 decision of the INS district director rescinding her status as a lawful permanent resident. This court lacks jurisdiction to review either of these decisions, and we therefore dismiss Manupule's petition.
 
 
 4
 * Manupule first argues that she was entitled to receive personal notice of the INS's intent to revoke her permanent resident status and that since she did not receive notice, she was denied due process of law. At her first deportation hearing, the Immigration Judge found that Manupule had not received personal notice of either the letter stating the INS's intent to rescind her permanent resident status or the District Director's decision to rescind. The BIA reversed the Immigration Judge, holding that neither the IJ nor the BIA had jurisdiction to review the District Director's rescission decision. The INS argues that Sec. 106 of the INA, 8 U.S.C. Sec. 1105(a), does not authorize this court to review the District Director's rescission of Manupule's permanent resident status as it is not a "final order [ ] of deportation." 8 U.S.C. Sec. 1105a(a).
 
 
 5
 We are without jurisdiction to consider this claim. Section 106(a) of the INA permits judicial review by courts of appeal only of final orders of deportation made pursuant to administrative proceedings under Sec. 242(b). 8 U.S.C. Sec. 1105a(a). See Cheng Fan Kwok v. INS, 392 U.S. 206 (1968); Abedi-Tajrishi v. INS, 752 F.2d 441, 443 (9th Cir.1985). Review is limited to "those determinations made during a proceeding conducted under Sec. 242(b), including those determinations made incident to a motion to reopen such proceedings." Cheng Fan Kwok, 392 U.S. at 216.
 
 
 6
 Determinations made by a District Director are not governed by Sec. 242(b), which pertains only to administrative hearings by an Immigration Judge and appeals to the BIA. 8 U.S.C. Sec. 1252(b). As we have held, it is "well established ... that [this court lacks] jurisdiction to review the discretionary decisions of an INS District Director." Abedi-Tajrishi, 752 F.2d at 443; see also Jaa v. U.S. INS, 779 F.2d 569 (9th Cir.1986) (denial of status adjustment); Tooloee v. INS, 722 F.2d 1434 (9th Cir.1983) (denial of extension of stay). The rescission of an alien's status as a permanent resident is one such discretionary decision. Kuh v. INS, 758 F.2d 370, 371 (9th Cir.1985) (where rescission by immigration judge after hearing was not accompanied by order of deportation).
 
 II
 
 7
 and
 
 
 8
 Manupule next argues that we may review both the March 13, 1986 rescission order as well as the District Director's July 7, 1992 deportation order under the doctrine of pendent jurisdiction. There are two classes of cases where this court has exercised pendent jurisdiction and reviewed matters not directly decided in a Sec. 1252(b) deportation proceeding: "when there has been a factual hearing on the issue, equivalent to that required by section 242(b), or where such a hearing is unnecessary." Tooloee, 722 F.2d at 1437 (quoting Ghorbani v. INS, 686 F.2d 784, 790 (9th Cir.1982)). In addition, the District Director's decision must be central to the ultimate question of deportation--it must "underlay" the decision. Wall v. INS, 722 F.2d 1442, 1444 (9th Cir.1984). Neither exception applies here.
 
 
 9
 Before we could review Manupule's claims, a factual record would have to be developed. The only finding made (that Manupule received no notice) occurred in a proceeding that was without jurisdiction. No hearing has ever been held about the validity of Manupule's marriage.
 
 
 10
 Manupule argues, however, that no quasi-judicial proceeding is required under our decisions in Bachelier v. INS, 625 F.2d 902 (9th Cir.1980) and Waziri v. U.S. INS, 392 F.2d 55 (9th Cir.1968). We disagree. In both cases there was an underlying decision by an IJ, affirmed by the BIA, that rescinded the aliens' permanent resident status. This was tantamount to the same procedures involved in a Sec. 242(b) proceeding. See Ghorbani, 686 F.2d at 789 (distinguishing Bachelier and Waziri on this basis). As there are factual issues left to resolve in Manupule's case, the issues must first be raised in the district court. Mohammadi-Motlagh v. INS, 727 F.2d 1450, 1452-53 (9th Cir.1984).
 
 
 11
 Nor may pendent jurisdiction be exercised on the footing that the rescission order underlies the deportation order. We do not have a petition for review from a proceeding conducted under Sec. 242(b) before us. Cheng Fan Kwok, 392 U.S. at 216 n. 16. Thus the situation is distinguishable from Bachelier and Waziri in which we reviewed the rescission decision in the course of reviewing the Sec. 242(b) deportation order. See Bachelier, 625 F.2d at 904; Waziri, 392 F.2d at 56.
 
 B
 
 12
 Manupule argues that she has exhausted her administrative remedies and timely petitioned for review of the District Director's July 7, 1992 denial of her motion to reconsider the earlier denial of an extension of voluntary departure--which she contends is deemed to be the final order of deportation in this case. We cannot accept Manupule's characterization in light of the fact that there was a Sec. 242(b) proceeding that resulted in a final order of deportation on October 24, 1991. No appeal of that order was taken to the BIA. Accordingly, we lack jurisdiction to review it. See Yamada v. INS, 384 F.2d 214, 215 (9th Cir.1967); see also Abedi-Tajrishi, 752 F.2d 441 (9th Cir.1985) (denial of extension of alien's stay is not a final departure order); Cheng Fan Kwok, 392 U.S. at 212 ("A denial by a district director of a stay of deportation is not literally a 'final order of deportation,' nor is it ... entered in the course of administrative proceedings conducted under Sec. 242(b).").
 
 III
 
 13
 Manupule contends that the INS should be bound by a settlement agreement reached on October 24, 1991 by the IJ and counsel for both parties. Even assuming estoppel against the INS is available, there is no basis for jurisdiction over Manupule's claim. First, there is no substantial evidence of an agreement that the INS did not live up to. As the colloquy which took place at the hearing indicates, the INS agreed not to appeal a six-month grant of voluntary departure by the Immigration Judge. Manupule suggests that other commitments were made in an off-the-record exchange in chambers, but that contention raises factual issues that have not been afforded a hearing. Beyond the six-month period, the record indicates that further extensions were to be up to the District Director. Manupule makes no claim that he abused his discretion, let alone engaged in affirmative misconduct. We therefore lack jurisdiction, and as with other issues raised, the appropriate forum for review is in the district court. See, e.g., Abedi-Aajrishi, 752 F.2d at 443.
 
 
 14
 We stay the order of deportation to allow the petitioner to file a motion to reopen and for such further time as is necessary for the disposition of the motion by the BIA. See Roque-Carranza v. INS, 778 F.2d 1373, 1374 (9th Cir.1985); see also Bolanos-Hernandez v. INS, 749 F.2d 1316 (9th Cir.1984).
 
 
 15
 PETITION DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3