[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14877
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 10, 2009
THOMAS K. KAHN
CLERK

Agency No. A90-764-861

JOSE SANTOS LOREDO MATA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 10, 2009)

Before BIRCH, DUBINA and FAY, Circuit Judges.

PER CURIAM:

Petitioner Jose Santos Loredo Mata seeks review of the Bureau of

Immigration Appeals' ("BIA's") order affirming the Immigration Judge's ("IJ's") denial of waiver of admissibility under former INA § 212(c) and ordering him removed.

When considering a petition to review a BIA final order, we review legal issues *de novo*. *Hernandez v. U.S. Att'y Gen.*, 513 F.3d 1336, 1339 (11th Cir. 2008). The BIA's factual findings are reviewed under the substantial evidence test. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283–84 (11th Cir. 2001). We review only the BIA's decision, except to the extent the BIA expressly adopts the IJ's opinion or reasoning. *Id.* at 1284. Here, the BIA did not expressly adopt the IJ's order, so we review the BIA's order.

As a preliminary matter, we note that Loredo does not challenge on appeal and, therefore, abandons, his claims for waiver under INA § 237 and cancellation of removal. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding that a petitioner abandons an issue if he fails to offer argument on it).

## I. Jurisdiction Pursuant to INA § 242(a)(2)(B)-(D), 8 U.S.C. § 1252(a)(2)(B)-(D)

Loredo argues that we have jurisdiction under INA § 242(a)(2)(D) because he raises constitutional claims and claims presenting questions of law. He explains that the issue of whether his due process rights were violated when his legal

2

permanent resident ("LPR") status was revoked is a constitutional question, and the question of whether he is eligible for relief under the former INA § 212(c) is a question of law.

When examining a petition for review, we "must first consider whether we have subject matter jurisdiction to hear the petition at all." *Resendiz-Alcaraz v. U.S. Att'y Gen.*, 383 F.3d 1262, 1266 (11th Cir. 2004). We review subject matter jurisdiction *de novo. Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1231 (11th Cir. 2007).

INA § 242(a)(2)(C) states that, "[n]otwithstanding any other provision of law . . . no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii). . . ." 8 U.S.C. § 1252(a)(2)(C). Section 1227(a)(2)(A)(iii) declares deportable "[a]ny alien who is convicted of an aggravated felony at any time after admission." 8 U.S.C. § 1227(a)(2)(A)(iii). Alien smuggling is considered an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(N); 8 U.S.C. § 1324(a)(1)(B).

Despite this limitation, with the passage of the REAL ID Act on May 11, 2005, Congress restored appellate jurisdiction to review constitutional questions and "questions of law" that an alien raises in a petition for review. *Balogun v. U.S. Att'y Gen.*, 425 F.3d 1356, 1359 (11th Cir. 2005). Specifically, the Act provided

3

that:

> [n]othing in [section 1252(a)(2)(C)], or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

REAL ID Act, § 106(a)(1)(A)(ii), codified at 8 U.S.C. § 1252(a)(2)(D). Thus, notwithstanding the jurisdictional bar contained in INA § 242(a)(2)(C), under § 242(a)(2)(D), we still retain jurisdiction to review (1) constitutional challenges to a removal order, and (2) "questions of law," but we lack jurisdiction to review discretionary or factual determinations when the bar in § 242(a)(2)(C) applies. *Martinez v. U.S. Att'y Gen.*, 446 F.3d 1219, 1222 (11th Cir. 2006).

To the extent that Loredo's claims involve constitutional challenges or questions of law, we have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to address his claims. Loredo's claim that the government violated his Fifth Amendment due process rights by failing to notify him that his LPR status was rescinded is, in essence, a disputed question of fact; therefore, under 8 U.S.C. § 1252(a)(2)(C), we have no jurisdiction to consider this issue. Loredo's challenge of the BIA's allocation of the burden of proof raises a question of law, thus, we have jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to consider this claim. We also have jurisdiction to consider Loredo's claim that the BIA erred in finding him ineligible

4

for relief from deportation under former INA § 212(c) because this raises a question of law.

## II.    Rescission of Loredo's Lawful Permanent Resident Status

The government argues that we should not address Loredo's claim that he did not receive notice of the rescission of his LPR status because this claim can only be heard in rescission proceedings. It also notes that a rescission of LPR status does not constitute a final order of removal; therefore, we would have no jurisdiction to hear an appeal of such a denial.

The validity of an order rescinding the adjustment of an alien's status may be reconsidered only "by the officer who has the jurisdiction over the proceeding or who made the decision." *Matter of Volos*, 12 I&N Dec. 44, 46 (BIA 1967); *see also* 8 C.F.R. § 103.5(a)(1)(i), (ii). Where there is no rescission proceeding pending, the BIA does not have jurisdiction to consider the validity of the rescission. *Matter of Volos*, 12 I&N Dec. at 46. Furthermore, we have acknowledged that rescission proceedings do not constitute "final orders of deportation," so "direct review [of rescission orders] in the court of appeals is inappropriate." *Bachelier v. INS*, 548 F.2d 1157, 1158 (5th Cir. 1977).

Because the IJ who presided over Loredo's removal proceedings did not make the decision to rescind Loredo's LPR status, and because a rescission of LPR status is not, in any event, a final order of removal, we lack jurisdiction to consider

5

the validity of the rescission and dismiss this claim.

## III.  Waiver of Inadmissibility Under Former INA § 212(c)

Loredo argues that he was statutorily eligible for a waiver of inadmissibility under INA § 212(c), because at the time he pled guilty to the aggravated felony of alien smuggling he had a settled expectation of § 212(c) relief as a Special Agricultural Worker ("SAW") temporary resident and expected to become an LPR by operation of law in less than two months.  He also contends that denial of § 212(c) relief is required only if the alien is neither an LPR nor a lawful temporary resident.  According to Loredo, because the government never sought termination of his status as a temporary resident, he had been an LPR for roughly 16 years at the time he applied for § 212(c) relief.  Finally, Loredo acknowledges that he was not yet an LPR when he was convicted of the aggravated felony, but argues that he was due to be granted this status through operation of law and therefore should be treated as if he had already received LPR status.

Current immigration law provides that an alien who commits an aggravated felony is removable and ineligible for any relief from removal.  INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii).  Alien smuggling is considered an aggravated felony.  *See* 8 U.S.C. § 1101(a)(43)(N); 8 U.S.C. § 1324(a)(1)(B).  However, former INA § 212(c) provided that "[a]liens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under

6

an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General." INA § 212(c), 8 U.S.C. § 1182(c) (repealed 1996). "Lawful domicile" under former § 212(c) required "at least the simultaneous existence of *lawful physical presence in the United States and lawful intent to remain in the United States indefinitely.*" *Melian v. INS*, 987 F.2d 1521, 1524 (11th Cir. 1993) (emphasis added). Although § 212(c) referred specifically to waivers of exclusions, it also was extended through case law to provide relief from deportation orders. *See e.g.*, *id.* at 1523.

The Illegal Immigration Reform and Immigrant Responsibility Act, ("IIRIRA"), repealed § 212(c), replacing it with cancellation of removal relief, for which individuals who had committed an aggravated felony were ineligible. *See St. Cyr*, 533 U.S. at 297, 121 S. Ct. at 2277. However, the Supreme Court held that § 212(c) relief remained available for aliens "whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief *at the time of their plea under the law then in effect.*" *St. Cyr*, 533 U.S. at 326, 121 S. Ct. at 2293 (emphasis added).

Because Loredo was ineligible for § 212(c) waiver of inadmissibility at the time he pled guilty to alien smuggling, we conclude that he is not now eligible for such relief. Accordingly, Loredo's petition for review is dismissed in part and

7

denied in part.

**PETITION DISMISSED in PART, DENIED in PART.**