**Shohreh GHAJAR, Petitioner,**

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE, Respondent.**

No. 80–7699.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 1981.

Decided Aug. 13, 1981.

Donald Moonshine, Moonshine & Lowy, Hayward, Cal., for petitioner.

Daniel Fromstein, Dept. of Justice, Washington, D.C., for respondent.

Before GOODWIN, HUG and POOLE, Circuit Judges.

PER CURIAM.

Shohreh Ghajar, a native and citizen of Iran, petitions for review of an adverse decision of the Board of Immigration Appeals, which sustained an immigration judge's determination that Ghajar was deportable as a nonimmigrant student who had remained in the country beyond the time authorized. We affirm.

Ghajar argues that she is not deportable because she is in "substantial compliance" with her student status by virtue of the fact that she is enrolled in school. She also argues that she was denied due process when the immigration judge refused to grant a continuance of her deportation hearing to allow her to prepare her case. Finally, Ghajar argues that the INS is estopped from deporting her because it was aware of her unlawful status for fifteen months before proceeding against her, and that the INS has unlawfully discriminated against Iranian nationals.

Ghajar cites *Mashi v. Immigration and Naturalization Service*, 585 F.2d 1309 (5th Cir. 1978), for the proposition that "technical violations" of nonimmigrant student status will not support a finding of deportability if the student is substantially in compliance. Ghajar argues that because she has continued to be enrolled as a full-time student, she is in substantial compliance and thus should not be deported. However, the sort of "substantial compliance" referred to in *Mashi* has nothing to do with this case. The requirements for obtaining an extension of stay are set out in 8 C.F.R. § 214.1(c). The requirements for maintenance of nonimmigrant student status are set out in 8 C.F.R. § 214.2(f).

In order to obtain an extension of stay, Ghajar would have to comply with 8 C.F.R. § 214.2(c). Substantial compliance with the requirements for student status under 8 C.F.R. § 214.2(f), however, even if true, cannot excuse her failure to obtain an extension of stay. Ghajar's assertions to the contrary notwithstanding, the two sets of requirements are separate and independent. Compliance with *each* is required; compliance with one only does not constitute "substantial compliance" with both. The *Mashi* court did state that the INS should look into the facts of each case, and strike "a fair balance between the character of the act committed and the consequences which will flow from it." 585 F.2d 1317. There is no evidence that the INS failed to do so in this case.

While Ghajar has continued to be a full-time student, she made no attempt to obtain an extension of her nonimmigrant student status before it expired on July 10, 1978. Ghajar cites no case for the proposition that an overstay of nearly two years' duration constitutes a "technical" violation which must be overlooked by the officials charged with enforcing immigration law.

Ghajar's assertion that she was denied due process because she was not granted a second continuance to allow her attor-

ney further time to prepare for the deportation hearing is without merit. She was advised in the show cause order that she could choose to be represented by counsel at the hearing, and counsel was granted one continuance at the time the hearing was originally to be held. One full month elapsed between the date of the show cause order and the date on which the hearing ultimately took place. Ghajar's attorney asserted at the deportation hearing that he had only heard of the case "a couple of days ago," and thus did not have time to prepare. If this assertion was correct, Ghajar's delay in obtaining counsel cannot be charged to the INS. The immigration judge did not abuse his discretion in refusing to grant a second continuance.

Ghajar concedes that the evidence supporting her estoppel and equal protection arguments is slim. In fact, nothing in the record indicates that the Immigration and Naturalization Service was guilty of any "affirmative misconduct" in its treatment of Ghajar. *See Santiago v. Immigration & Naturalization Service*, 526 F.2d 488, 491–92 (9th Cir. 1975) (en banc), *cert. denied*, 425 U.S. 971, 96 S.Ct. 2167, 48 L.Ed.2d 794 (1976). Nor does the record indicate that the district director refused to reinstate Ghajar's student status, or treated her differently than other aliens in some way, simply because she was an Iranian national.[1]

Thus Ghajar's sole contention before this court is that she was unable to present evidence supporting her estoppel and equal protection arguments because the immigration judge refused to grant her a continuance. However, as we have indicated above, the immigration judge did not abuse his discretion in refusing to grant Ghajar a

second continuance, and the lack of evidence supporting Ghajar's estoppel and equal protection arguments precludes our considering the merits of these arguments.

Affirmed.

---

1. Thus we need not decide whether a government policy of treating aliens of one nationality differently than aliens of other nationalities violates equal protection. At least one court has upheld the constitutionality of reporting requirements which applied only to Iranian nationals. *Narenji v. Civiletti*, 617 F.2d 745, 748 (D.C.Cir. 1979), *cert. denied*, 446 U.S. 957, 100 S.Ct. 2928, 64 L.Ed.2d 815 (1980). Although this court has not decided the issue, it has indicated that an alien would have to overcome a heavy burden in order to succeed with an equal protection argument in this context. *See Yassini v. Crosland*, 618 F.2d 1356, 1362–63 n.7 (9th Cir. 1980).