**Majid Reza MOHAMMADI–MOTLAGH, Petitioner-Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent-Appellee.**

No. 81–7688.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 16, 1983.

Decided March 13, 1984.

Lawrence A. Anderson, Great Falls, Mont., for petitioner-appellant.

Richard Evans, Eugene M. Thirolf, Jr., Washington, D.C., for respondent-appellee.

Before HUG, PREGERSON, and NORRIS, Circuit Judges.

HUG, Circuit Judge:

Majid Mohammadi-Motlagh petitions for review of an order of deportation. He was found deportable because he violated the conditions of his nonimmigrant visa by transferring schools without obtaining prior permission. Mohammadi-Motlagh claims the District Director erred in refusing his transfer request. Because we are without jurisdiction to review that claim, we affirm the decision of the Board of Immigration Appeals.

Mohammadi-Motlagh, a native and citizen of Iran, entered the United States in January 1979 as a nonimmigrant student. He was authorized to study at the American Language and Cultural Institute in New York and later given permission to transfer to Wagner College, also in New York. In January 1980 Mohammadi-Motlagh transferred to the College of Great Falls in Montana. He neither sought nor received INS permission to make the transfer prior to enrolling at the college. In August 1980, after attending the college for several months, Mohammadi-Motlagh filed an application for permission to transfer. The District Director denied the request, noting that Mohammadi-Motlagh had been "in unauthorized attendance at the College of Great Falls for some seven months prior to submitting the instant request."

The INS then issued an order to show cause, charging that Mohammadi-Motlagh was subject to deportation for failure to comply with the conditions of his nonimmigrant status. In a hearing before an immigration judge, Mohammadi-Motlagh attempted to argue the merits of his transfer request. He claimed that transferring without prior permission was justified and that the delay in filing the transfer request occurred despite his best efforts to comply with the application requirement. The immigration judge did not consider these contentions because he concluded he had no jurisdiction to review the District Director's denial of Mohammadi-Motlagh's request. He found Mohammadi-Motlagh deportable and granted him voluntary departure. The BIA also refused to review the District

Director's decision, citing 8 C.F.R. § 214.-2(f)(7) (1982). It dismissed Mohammadi-Motlagh's appeal and ordered his voluntary departure within fifteen days.

 Mohammadi-Motlagh's petition for review first challenges the refusals of the immigration judge and the BIA to review the decision of the District Director. The refusals were based on an interpretation of 8 C.F.R. § 214.2(f)(7), which provides that "[n]o appeal shall lie from the decision" of the District Director denying permission to transfer to another school. This interpretation is entitled to deference. *Tooloee v. INS,* 722 F.2d 1434, 1436 (9th Cir.1983); *Ghorbani v. INS,* 686 F.2d 784, 791 (9th Cir.1982). We have held the conclusion that the denial of an appeal right deprives the immigration judge and BIA of jurisdiction is not unreasonable. *Id.* We therefore reject Mohammadi-Motlagh's claim.

Mohammadi-Motlagh next contends we have jurisdiction to review the District Director's decision. In *Ghorbani,* we were presented with an almost identical factual situation. We held the District Director's decision was not a final order reviewable under 8 U.S.C. § 1105a(a). *Id.* Following our decision in *Ghorbani,* the Supreme Court decided *INS v. Chadha,* —— U.S. ——, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983), *aff'g* 634 F.2d 408 (9th Cir.1980). We must consider how *Chadha* affected our jurisdictional analysis in *Ghorbani.*

 In *Ghorbani* our analysis began with section 1105a(a), which confers on the courts of appeals exclusive jurisdiction to review final orders of deportation made pursuant to administrative proceedings under 8 U.S.C. § 1252(b). *Id.* at 787. We noted the Supreme Court had narrowly construed the instances in which courts of appeals could assume pendent jurisdiction over discretionary decisions made incident to the final deportation order. Two circumstances in which the use of pendent jurisdiction was justified were identified in *Ghorbani:* (1) when there has been a factual hearing on the issue of discretionary relief or (2) when such a hearing is unnecessary. *Id.* at 790.

In *Chadha,* we held pendent jurisdiction permitted review of the House of Representatives' veto of the suspension of Chadha's deportation. 634 F.2d at 413. We defined pendent jurisdiction as encompassing certain determinations "on which the final order of deportation is contingent." *Id.* We then reviewed a purely legal question: the constitutionality of the one-house veto. Our review was made without the benefit of a prior administrative record. The immigration judge and the BIA had not considered this question since they lack authority to determine constitutional issues. However, review was possible without an administrative record since only a question of law was presented. *Ghorbani,* 686 F.2d at 790.

The Supreme Court's decision in *Chadha* approved our assumption of pendent jurisdiction. The Court emphasized that Chadha would not have been deported but for the veto. —— U.S. at —— & n. 11, 103 S.Ct. at 2777 & n. 11, 77 L.Ed.2d at 336 & n. 11. It thus sanctioned our definition of the class of cases encompassed by the grant of pendent jurisdiction. The Court did not consider, as we were required to in *Ghorbani,* the instances in which utilization of pendent jurisdiction is justified. Because it was presented with a purely legal question, the application of pendent jurisdiction to factual questions was not before the Court. *Chadha* therefore does not signify that the Court has retreated from the narrow construction of section 1105a(a) adopted in *Cheng Fan Kwok v. INS,* 392 U.S. 206, 216, 88 S.Ct. 1970, 1976, 20 L.Ed.2d 1037 (1968). Our jurisdictional analysis in *Ghorbani* is consistent with each of these Supreme Court cases and thus remains viable. *See Tooloee,* 722 F.2d at 1437.

 As in *Ghorbani,* Mohammadi-Motlagh asserts challenges to the District Director's decision that raise factual questions as to whether discretion was properly exercised. The BIA lacked authority to hear and determine these factual issues and did not do so. We are therefore without jurisdiction to consider these claims. They must be raised in the first instance in the district

court. *Tooloee,* 722 F.2d at 1438; *Ghorbani,* 686 F.2d at 791 & n. 16.

The decision of the BIA is AFFIRMED.