Nadereh **ABEDI–TAJRISHI**, Petitioner,

v.

**IMMIGRATION & NATURALIZATION SERVICE**, Respondent.

No. 81–7270.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 3, 1984.

Decided Jan. 25, 1985.

Terrence McGuire, McGuire & Herrera, Los Angeles, Cal., for petitioner.

Carolyn M. Reynolds, Asst. U.S. Atty., Los Angeles, Cal., for respondent.

Before SNEED, HUG, and PREGERSON, Circuit Judges.

PREGERSON, Circuit Judge.

## I.

### FACTS

Abedi-Tajrishi, a citizen of Iran, entered this country on October 28, 1978, as a nonimmigrant student. She was authorized to remain in the United States until February 28, 1980, to attend the Yamano Beauty College. She completed her course of study on November 2, 1979, but failed to apply for an extension of stay or a school transfer until February 27, 1980. Her application for an extension of stay was denied by the District Director. On June 30, 1980, Abedi-Tajrishi was charged with being deportable as an overstay. She again applied for an extension of stay, which the District Director also denied. On August 21, 1980, the immigration judge found Abedi-Tajrishi deportable as an overstay under § 241(a)(2) of the Immigration and Nationality Act (the Act), 8 U.S.C. § 1251(a)(2) (1982), and granted her fifteen days to depart the United States voluntarily. The Board of Immigration Appeals affirmed.

On appeal, Abedi-Tajrishi argues that the Immigration and Naturalization Service (INS) is estopped from deporting her because it engaged in affirmative misconduct in denying her applications for extension of stay. She also contends that INS regulations 8 C.F.R. § 241.1(c)(4) and § 244.1

(1981) denied her equal protection of the laws.[1]

## II.

### DISCUSSION

 This court has jurisdiction under § 106(a) of the Act, 8 U.S.C. § 1105a(a) (1982), to review all final orders of deportation made pursuant to deportation proceedings under § 242(b) of the Act, 8 U.S.C. § 1252(b) (1982). *Chadha v. INS*, 462 U.S. 919, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983), *aff'g*, 634 F.2d 408 (9th Cir.1980). It is well established, however, that we do not have jurisdiction to review the discretionary decisions of an INS District Director. *Mohammadi-Motlagh v. INS*, 727 F.2d 1450, 1452 (9th Cir.1984); *Tooloee v. INS*, 722 F.2d 1434, 1437–38 (9th Cir.1983); *Ghorbani v. INS*, 686 F.2d 784, 791 (9th Cir.1982). This circuit has stated that it will exercise jurisdiction to review matters not directly decided in a § 242(b) deportation proceeding in two situations: (1) when there has been a factual hearing on the issue equivalent to that required by § 242(b) or (2) when only a legal issue is involved. *Wall v. INS*, 722 F.2d 1442, 1443 (9th Cir.1984); *Tooloee*, 722 F.2d at 1437; *Ghorbani*, 686 F.2d at 790–91. Here petitioner's affirmative misconduct claim raises factual issues that have not been afforded an adequate hearing. Thus, we are without jurisdiction to consider petitioner's claim. The appropriate forum in which to seek review of the District Director's decision is the district court. *Ghorbani*, 686 F.2d at 791 n. 16; *Tooloee*, 722 F.2d at 1437–38.

 In addition, even assuming that there was misconduct on the part of the District Director, such misconduct does not render a deportation unlawful unless the violation "harmed the aliens' interests in such a way as to affect potentially the outcome of their deportation proceedings." *United States v. Calderon-Medina*, 591 F.2d 529, 531–32 (9th Cir.1979). Such a determination would require a hearing. Thus, we are without jurisdiction to consider this issue. Petitioner's relief must originate in the district court. *Mohammadi-Motlagh*, 727 F.2d at 1452–53; *Tooloee*, 722 F.2d at 1438; *Ghorbani*, 686 F.2d at 791 & n. 16.

Abedi-Tajrishi also raises constitutional claims, arguing that 8 C.F.R. §§ 214.1(c)(4) and 244.1 are without rational basis and deprive her of her Fifth Amendment right to equal protection. We need not reach these constitutional issues.

Petitioner contends that the District Director denied her application for an extension of stay solely because of § 214.1(c)(4), which disallowed extensions of stay to nonimmigrant Iranian students. Nothing in the record indicates that the District Director refused to grant Abedi-Tajrishi's application for an extension of stay, or treated her differently from other aliens in some way, simply because she was an Iranian national. *See Ghajar v. INS*, 652 F.2d 1347, 1349 (9th Cir.1981). The record does indicate, however, that Abedi-Tajrishi's application for an extension of stay was not timely filed. Even though no reason for the denial was given, the District Director may have denied her application because of lack of timeliness. Before we can properly review the District Director's decision, a factual record must be developed.[2] *See also Tooloee*, 722 F.2d at 1439 n. 8 (holding

---

1. 8 C.F.R. § 241.1(c)(4), as amended on June 10, 1980, provided in pertinent part, that a nonimmigrant Iranian student was ineligible for an extension of stay unless he or she had been accepted by an appropriate institution on or before June 9, 1980. 8 C.F.R. § 244.1, as amended April 25, 1980, provided that an Iranian would be limited to fifteen days voluntary departure.

2. In *Narenji v. Civiletti*, 617 F.2d 745 (D.C.Cir. 1979), *cert. denied*, 446 U.S. 957, 100 S.Ct. 2928,

64 L.Ed.2d 815 (1980), the D.C. Circuit was able to rule on the rationality of a different Iranian regulation, 8 U.S.C. § 214.5 (the reporting regulation), because the court had a complete factual record before it. The factual record before this court, however, is nonexistent; therefore, there is no record before us on which to determine whether there existed a rational relationship between the issuance of § 214.1(c)(4) and the safety of the American hostages in Iran.

factual record necessary to determine if petitioner's claim of substantial compliance with various requirements treated differently when asserted by Iranian nationals). Petitioner must apply to the district court for relief and develop a factual record in that forum.

■ Abedi-Tajrishi also contends that 8 C.F.R. § 244.1 (1981), which limited to fifteen days the time an Iranian national could be granted to depart the country voluntarily, is unconstitutional. This contention is moot. *Shahla v. INS*, 749 F.2d 561, 563 (9th Cir.1984). As in *Shahla,* Abedi-Tajrishi's appeal has tolled her voluntary departure period for over three years. As a practical matter, Abedi-Tajrishi has spent more additional time in the United States than she could have reasonably expected to receive from the immigration judge had the judge not adhered to the fifteen day limitation. Moreover, as we noted in *Shahla,* the fifteen day departure period will start to run on the date our mandate is issued.

The mandate shall issue forty-five days from the entry of this judgment to enable petitioner to seek appropriate relief and to move for a stay of deportation. If changed circumstances warrant reconsideration of the voluntary departure period, Abedi-Tajrishi is not precluded from asking the District Director to exercise his power to extend this period. *See* 8 C.F.R. 244.2 (1984).

AFFIRMED.

SNEED, Circuit Judge, concurring in part and dissenting in part:

I concur with the majority disposition, but because I do not believe that petitioner's challenge to the validity of the voluntary departure amendment is moot, I would reach the merits of her argument. To survive an attack alleging mootness, a suit must be a real and substantial controversy admitting of specific relief. *North Carolina v. Rice,* 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971); *Bumpus v. Clark,* 702 F.2d 826 (9th Cir.1983). In this case, if the challenged amendment were to

be invalidated, the immigration judge's order granting voluntary departure in lieu of an order of deportation would necessarily be void. At that point, this court undoubtedly would fashion a remedy that would include a remand for redetermination of deportability as well as eligibility for voluntary departure based on current conditions. I cannot imagine this court refusing to provide such a remedy were it to accept the substance of the petitioner's constitutional arguments. The controversy is therefore real, and the petitioner has a remedy available to her. Therefore, I shall now turn to the merits of her attack on the amendment.

The petitioner argues that, because the amendment applies only to a particular nationality, it denies her the equal protection of the laws. The petitioner relies on *Graham v. Richardson,* 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971), to support her argument that a classification based on nationality is inherently suspect and can be justified only by a compelling governmental interest. *Graham* does not, however, apply when a classification is made *among* aliens. *See Alvarez v. INS,* 539 F.2d 1220, 1224 n. 3 (9th Cir.1976), *cert. denied,* 430 U.S. 918, 97 S.Ct. 1334, 51 L.Ed.2d 597 (1977). The Supreme Court has acknowledged the government's "extremely broad power" to distinguish classes of aliens. *Fiallo v. Bell,* 430 U.S. 787, 97 S.Ct. 1473, 52 L.Ed.2d 50 (1977). Those classifications will not be struck down unless they are "wholly irrational." *Mathews v. Diaz,* 426 U.S. 67, 83, 96 S.Ct. 1883, 1893, 48 L.Ed.2d 478 (1976). Ordinarily, "the power to expel or exclude aliens [is] a fundamental sovereign attribute exercised by the government's political departments largely immune from judicial control." *Fiallo,* 430 U.S. at 792, 97 S.Ct. at 1477.

Our own cases as well have repeatedly held that a rational basis is all that is required to support a classification among aliens based on national origin. *See, e.g., Paointhara v. INS,* 708 F.2d 472 (9th Cir. 1983). The crisis in relations between the United States and Iran, precipitated by the seizure of the American embassy in Te-

heran, provided a rational basis for the challenged amendment. *See Narenji v. Civiletti*, 617 F.2d 745, 747–48 (D.C.Cir. 1979), *cert. denied*, 446 U.S. 957, 100 S.Ct. 2928, 64 L.Ed.2d 815 (1980). Therefore, the petitioner's constitutional challenge to the amendment must fail.