**Rodolfo ADAME–HERNANDEZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 84–7601.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 1985 *.

Decided Aug. 27, 1985.

Manuel Monguia, Escondido, Cal., for petitioner.

Joan E. Smiley, Dept. of Justice, Washington, D.C., for respondent.

Before GOODWIN, NELSON and HALL, Circuit Judges.

PER CURIAM.

Rodolfo Adame-Hernandez petitions for review of the Board of Immigration Appeal's dismissal of his appeal from a deportation order. Adame-Hernandez contends that his deportation order is invalid because the Immigration and Naturalization Service

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed.R. App.P. 34(a) and Ninth Circuit Rule 3(f).

District Director selectively prosecuted him when an order to show cause was issued against him but not against his wife. The petition is denied.

Adame-Hernandez' claim of selective prosecution essentially challenges a discretionary decision of the District Director. Generally, this court has no jurisdiction to review such decisions. *Abedi-Tajrishi v. INS,* 752 F.2d 441, 443 (9th Cir.1985); *Ghorbani v. INS,* 686 F.2d 784, 791 (9th Cir.1982). We may take jurisdiction, however, when only a legal issue is presented. *Abedi-Tajrishi,* 752 F.2d at 443. The only issue before us here is a legal one; *i.e.,* whether Adame-Hernandez has stated a claim for which relief is available. We hold that he has not.

Although this circuit has not addressed the issue of selective prosecution in immigration show cause orders, the Second Circuit has treated one such claim as capable of review. *See Lennon v. INS,* 527 F.2d 187, 195 (2d Cir.1975). We agree that the selective prosecution claim in this case is reviewable. To prove selective prosecution, however, Adame-Hernandez would have to prove not only that others similarly situated have not been prosecuted but also that he was selected for prosecution on the basis of an impermissible ground such as political activities as in *Lennon. See generally United States v. McWilliams,* 730 F.2d 1218, 1221 (9th Cir.1984) (defendant must be able to show that he was selected for prosecution on the basis of an impermissible ground such as race, religion, or exercise of constitutional rights.)

Adame-Hernandez has not articulated any impermissible selection criterion as the basis for his deportation. He merely asserts that the District Director acted unfairly when he prosecuted him but not his wife. This disagreement with the Director's discretion fails to state a colorable claim for impermissibly selective deportation.

Petition denied.