990 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Zbigniew IWAN, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-70592.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 25, 1993.
 
 Before: WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Zbigniew Iwan, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") decision finding Iwan deportable and denying Iwan's requests for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We deny the petition for review.
 
 
 3
 We review the BIA's denial of asylum for abuse of discretion. Acewicz v. INS, No. 91-70257, slip op. 969, 978 (9th Cir. Feb. 4, 1993). We review the BIA's factual findings under the substantial evidence test. Id. We review de novo the BIA's determinations on questions of law. Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988).
 
 
 4
 * Asylum/Withholding of Deportation
 
 
 5
 Section 208(a) of the Refugee Act of 1980 ("Act"), 8 U.S.C. § 1158(a), authorizes the Attorney General, in her discretion, to grant asylum to an alien who is a "refugee." A refugee is defined in the Act as an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).
 
 
 6
 To establish eligibility for asylum based on a well-founded fear of persecution, an applicant must demonstrate a fear that is both subjectively genuine and objectively reasonable. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An applicant's "candid, credible and sincere testimony demonstrating a genuine fear of persecution" satisfies the subjective component of the standard. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987) (quotations omitted). The objective component requires "a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam) (quotations and emphasis omitted).
 
 
 7
 An alien is entitled to withholding of deportation pursuant to 8 U.S.C. § 1253(h) if he or she establishes a "clear probability of persecution." INS v. Stevic, 467 U.S. 407, 413 (1984); Blanco-Lopez v. INS, 858 F.2d 531, 533 (9th Cir.1988). The "clear probability" standard applicable to withholding of deportation claims is more stringent than the "well-founded fear" standard applicable to asylum claims. De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990). Accordingly, an alien who fails to meet the "well-founded fear" standard required for asylum also fails to meet the "clear probability" standard required for withholding of deportation. Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 
 8
 In assessing the reasonableness of the alien's fear of persecution, the BIA may take administrative notice of changed political conditions within the applicant's native country and of the effect of those changes on the applicant's fear of persecution. Acewicz, No. 92-70257, slip op. at 977.
 
 
 9
 Iwan's request for asylum is based in part on his fear that, as a member of Solidarity, he will be persecuted if he returns to Poland. Nevertheless, substantial evidence supports the BIA's determination that Iwan has failed to demonstrate a well-founded fear of persecution based on his membership in Solidarity. See id. at 974-78. Furthermore, the record shows that Iwan had an opportunity to rebut the facts noticed by the BIA. See Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992). Thus, Iwan was not denied due process, see Acewicz, No. 91-70257, slip op. at 978, and the BIA did not abuse its discretion by taking administrative notice of the changed conditions in Poland and of the effect of the changes on Iwan's fear of persecution, see id. We therefore agree with the BIA that Iwan has failed to establish statutory eligibility for asylum on that basis.
 
 
 10
 Iwan also requested asylum on the basis that he has been and will be denied employment opportunities because of his political beliefs. In Kovac v. INS, 407 F.2d 102 (9th Cir.1969), this court held that "a probability of deliberate imposition of substantial economic disadvantage upon an alien for reasons of race, religion, or political opinion is sufficient to confer upon the Attorney General the discretion to withhold deportation." Id. at 107. This standard also applies to determine whether an alien is eligible for asylum. See, e.g., Desir, 840 F.2d at 727. A claim for asylum based on economic hardship "depends on something more than generalized economic disadvantage at the destination." Raass v. INS, 692 F.2d 596, 596 (9th Cir.1982).
 
 
 11
 Here, we agree with the BIA that Iwan's employment difficulties did not amount to persecution. The evidence does not establish the sort of deliberate imposition of substantial economic harm required to support a claim for asylum. Compare Desir, 840 F.2d at 727 (petitioner's ability to earn livelihood severely impaired by threats of violence, eventually resulting in petitioner moving to different county); with Saballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1985) (denial of discounts on food and special work permit not sufficient to establish persecution). Accordingly, the BIA did not err by finding Iwan failed to establish his eligibility for asylum based on economic hardship.
 
 
 12
 Moreover, because Iwan failed to demonstrate a well-founded fear of persecution, he also failed to meet the higher standard of clear probability of persecution. See Berroteran-Melendez, 955 F.2d at 1258. Accordingly, the BIA did not err by denying Iwan's request for withholding of deportation.
 
 II
 Consideration of Individual Merits of Case
 
 13
 Iwan contends the BIA erred by failing to find that his application for asylum and withholding of deportation was denied based on a "blanket" policy of denying all Polish applications filed after September 11, 1989 due to changed political conditions in Poland.[1] This contention lacks merit.
 
 
 14
 Iwan was given a hearing in which he was afforded a full and fair opportunity to present testimony and other evidence in support of his asylum application. See Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990); Sagermark v. INS, 767 F.2d 645, 650-51 (9th Cir.1985), cert. denied, 476 U.S. 1171 (1986). Both the IJ's and the BIA's decisions reflect that the denial of Iwan's application was based on the individual merits of his claim. See, e.g., Acewicz, No. 91-70257, slip op. at 978 (court found that evidence of changed conditions in Poland "was not blindly applied [by the BIA] to automatically deny every asylum application submitted by a Polish alien" and that "[e]ach applicant received a full opportunity to present his case" (quotations omitted)).
 
 III
 Due Process
 
 15
 In a deportation hearing, an alien is entitled to the fifth amendment guaranty of due process, which is satisfied only by a "full and fair hearing." Cuadras, 910 F.2d at 573; Sagermark, 767 F.2d at 650-51. A full and fair hearing requires that each case "be evaluated on its own merits to determine whether the alien's factual support and concrete evidence are sufficient" to meet the alien's burden of proof. Sarvia-Quintanilla v. INS, 767 F.2d 1387, 1392 (9th Cir.1985). To prevail on a due process claim, the alien must show that the alleged procedural errors were prejudicial. Diaz-Escobar v. INS, 782 F.2d 1488, 1494 (9th Cir.1986).
 
 
 16
 Iwan contends he was denied due process at his deportation hearing because the translation services were inadequate. This contention lacks merit.
 
 
 17
 Iwan cites to portions of the hearing transcript showing that the translator did not know the meaning of words such as "demand" and "obtain". He also notes an instance when the translator apologized for mistranslating a question. He states that much of his testimony was mistranslated and, thus, the transcript does not reflect accurately his answers. Nevertheless, Iwan has not cited any specific instance in which an incorrect or incomplete translation prevented him from fairly presenting his case. Nor has he shown that a better translation would have altered the outcome of the proceedings. See id. Accordingly, because Iwan has failed to demonstrate prejudice, the BIA did not err by dismissing this claim. See Cuadras, 910 F.2d at 573.
 
 
 18
 Iwan also contends he was denied due process because (1) his only opportunity to elaborate on his asylum claim came at the end of his deportation hearing; and (2) he was not represented by counsel. Iwan did not raise these issues in his brief to the BIA and the BIA did not address them. We therefore decline to consider these issues. See Acewicz, No. 91-70257, slip op. at 974; see also Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987) (failure to raise procedural error correctable by administrative tribunal constitutes failure to exhaust administrative remedies thereby depriving this court of jurisdiction to consider it).
 
 
 19
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent Iwan also seeks review of the denial of his asylum application by the INS District Director, we lack jurisdiction to review the discretionary decisions of the INS District Director. See Abedi-Tajrishi v. INS, 752 F.2d 441, 443 (9th Cir.1985)