990 F.2d 1255
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mikolaj BIJAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70511.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 26, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mikolaj Bijan, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") decision finding Bijan deportable and denying Bijan's requests for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a) and deny the petition for review.
 
 
 3
 * Standard of Review
 
 
 4
 We review the BIA's denial of asylum for abuse of discretion. Acewicz v. INS, No. 91-70257, slip op. 969, 978 (9th Cir. Feb. 4, 1993). We review the BIA's factual findings under the substantial evidence standard. Id.; see also INS v. Zacarias, 112 S.Ct. 812, 815 n. 1 (1992) (BIA's findings will not be reversed absent compelling evidence that alien had a well-founded fear of persecution). We review de novo the BIA's determinations on questions of law. Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988).
 
 II
 Asylum
 
 5
 Section 208(a) of the Refugee Act of 1980 ("Act"), 8 U.S.C. § 1158(a), authorizes the Attorney General, in her discretion, to grant asylum to an alien who is unable or unwilling to return to his or her native country "because of past persecution or a 'well-founded fear of [future] persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.' " Acewicz, No. 91-70257, slip op. at 978 (quoting 8 U.S.C. § 1101(a)(42)).
 
 
 6
 To establish eligibility for asylum based on a well-founded fear of future persecution, an applicant must demonstrate a fear that is both subjectively genuine and objectively reasonable. Id. An applicant's credible testimony demonstrating a genuine fear of persecution satisfies the subjective component of the standard. Id. at 979. "The objective component requires a showing, by 'credible, direct, and specific evidence' of facts supporting a reasonable fear of persecution." Id. (quoting Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam)). The alien bears the burden of establishing eligibility for asylum. Id.
 
 
 7
 In Kovac v. INS, we held that "a probability of deliberate imposition of substantial economic disadvantage upon an alien for reasons of race, religion, or political opinion is sufficient to confer upon the Attorney General the discretion to withhold deportation." 407 F.2d 102, 107 (9th Cir.1969). This standard also applies to determine whether an alien is eligible for asylum. See, e.g., Desir, 840 F.2d at 727. A claim for asylum based on economic hardship, however, requires "something more than generalized economic disadvantage at the destination." Raass v. INS, 692 F.2d 596, 596 (9th Cir.1982).
 
 
 8
 In assessing the reasonableness of the alien's fear of persecution, the BIA may take administrative notice of changed political conditions within the applicant's native country. See Acewicz, No. 91-70257, slip op. at 974-77 (BIA entitled to take administrative notice of changed political conditions in Poland if applicant given opportunity to introduce evidence that well-founded fear of persecution exists despite political changes).[1]
 
 
 9
 Here, Bijan's request for asylum is based on his fear that, as a member of Solidarity, he will be subject to economic persecution if returned to Poland. Bijan's asylum application and testimony indicates that he was harassed and detained several times by members of the Polish communist government because of his participation in demonstrations and distribution of pro-Solidarity pamphlets. He fears that he will lose his job if returned to Poland. Despite his Solidarity activities during this period, Bijan was allowed to work for a state-owned fishing company where he was allowed to travel overseas to England, Germany, and Canada. Given these circumstances, substantial evidence supports the BIA's determination that Bijan failed to demonstrate a well-founded fear of future persecution, economic or otherwise, based on his membership in Solidarity. See Zacarias, 112 S.Ct. at 816-17; Acewicz, No. 91-70257, slip op. at 977-79; Raass, 692 F.2d at 596.
 
 III
 Withholding of Deportation
 
 10
 Because Bijan failed to demonstrate a well-founded fear of future persecution, he also failed to meet the higher standard of clear probability of persecution necessary for withholding of deportation. See Acewicz, No. 91-70257, slip op. at 980; Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 IV
 Due Process
 
 11
 A. Consideration of the Individual Merits of Bijan's Claim
 
 
 12
 Bijan contends that the IJ and the BIA failed to consider the individual merits of his application for asylum and withholding of deportation because of a "blanket" policy of denying all Polish applications filed after September 11, 1989 due to changed political conditions in Poland.[2] This contention lacks merit.
 
 
 13
 In a deportation proceeding, an alien is entitled to due process under the fifth amendment. See Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990). Due process is satisfied by a full and fair hearing. See id.; Sagermark v. INS, 767 F.2d 645, 650-51 (9th Cir.1985), cert. denied, 476 U.S. 1171 (1986). A full and fair hearing requires that each case "be evaluated on its own merits to determine whether the alien's factual support and concrete evidence are sufficient" to meet the alien's burden of proof. Sarvia-Quinantilla v. INS, 767 F.2d 1387, 1392 (9th Cir.1985); see also Castillo-Villagra v. INS, 972 F.2d 1017, 1023 (9th Cir.1992) (error for BIA not to consider application for asylum on individualized basis).
 
 
 14
 Here, Bijan was given a hearing in which he was afforded a full and fair opportunity to present testimony and other evidence in support of his asylum application. See Cuadras, 910 F.2d at 573; Sagermark, 767 F.2d at 650-51. Both the IJ's and the BIA's decisions reflect that the denial of Bijan's application was based on the individual merits of his claim. See, e.g., Acewicz, No. 91-70257, slip op. at 978 (court held that evidence of changed conditions in Poland "was not blindly applied [by the BIA] to automatically deny every asylum application submitted by a Polish alien" and that "[e]ach applicant received a full opportunity to present his case" (quotations omitted)).[3]
 
 
 15
 B. Bureau of Human Rights and Humanitarian Affairs' Letter
 
 
 16
 Bijan contends that he was denied due process because he was not allowed to call and cross-examine the author of a Bureau of Human Rights and Humanitarian Affairs' ("BHRHA") letter. This contention lacks merit.
 
 
 17
 In a deportation proceeding an alien must be given "a reasonable opportunity ... to cross-examine witnesses presented by the government." 8 U.S.C. § 1252(b)(3); Barraza-Rivera v. INS, 913 F.2d 1443, 1447 (9th Cir.1990); Baires v. INS, 856 F.2d 89, 91 (9th Cir.1988). If, however, the BIA does not base its decision on the BHRHA letter or if cross-examination of the author of the letter would not have affected the outcome, then no remand is required. See Barraza-Rivera, 913 F.2d at 1448; Pereira-Diaz v. INS, 551 F.2d 1149, 1153-54 (9th Cir.1977).
 
 
 18
 Here, cross-examination of the author of the letter would not have affected the outcome of the proceedings. See Barraza-Rivera, 913 F.2d at 1448; Pereira-Diaz, 551 F.2d at 1153-54.
 
 
 19
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bijan contends that in denying his application for asylum, the IJ improperly relied on Kubon v. INS, 913 F.2d 386 (7th Cir.1990). We need not address this issue, because we are limited to reviewing the decision of the BIA, which only cited Kubon in support of the BIA's ability to take administrative notice of changed political conditions in foreign countries. See Acewicz, No. 91-70257, slip op. at 974
 
 
 [2]
 To the extent Bijan also is seeking review of the denial of his asylum application by the INS District Director, we lack jurisdiction to review the discretionary decisions of the INS District Director. See Abedi-Tajrishi v. INS, 752 F.2d 441, 443 (9th Cir.1985)
 Furthermore, our review is limited to the decision of the BIA, not the IJ. See Acewicz, No. 91-70257, slip op. at 974. Nevertheless, we may consider the IJ's decision to determine whether the BIA erred by failing to find that the IJ had not properly considered the individual merits of Bijan's appeal.
 
 
 [3]
 Bijan asks this court to take judicial notice that the INS District Director in Alaska has not granted a Polish alien's application for asylum since 1989. We decline to do so
 First, our review is limited to the administrative record, which does not contain this information. See 8 U.S.C. § 1105a(a)(4). Second, this information is not subject to judicial notice because it is neither generally known within the jurisdiction nor is it readily determinable. See Fed.R.Evid. 201. Third, it is not relevant to our review of the BIA's decision. The District Director's determination is separate and unrelated to the IJ's and BIA's asylum determinations. Finally, given the political and social changes in Poland since 1989, it is readily understandable why the number of successful applications for asylum by Polish aliens would greatly diminish. See Acewicz, No. 91-70257, slip op. at 977. Thus, even if we were to consider this information, it would not be dispositive of whether Bijan's application was denied without consideration of the individual merits of his claim.