990 F.2d 1256
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Adam F. CYRULIK, Petitioner,
v.
UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70183.
 United States Court of Appeals, Ninth Circuit.
 April 2, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Adam F. Cyrulik, a native and citizen of Poland, petitions for review of the Board of Immigration Appeals' (BIA) order affirming the immigration judge's (IJ) decision finding Cyrulik deportable and denying Cyrulik's applications for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a). We deny the petition for review.
 
 
 3
 We review the BIA's denial of asylum for abuse of discretion. Acewicz v. INS, No. 91-70257, slip op. 969, 978 (9th Cir. Feb. 4, 1993). We review the BIA's factual findings under the substantial evidence standard. Id. We review de novo the BIA's determinations on questions of law. Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988).
 
 
 4
 * Asylum/Withholding of Deportation
 
 
 5
 Section 208(a) of the Refugee Act of 1980 ("Act"), 8 U.S.C. § 1158(a), authorizes the Attorney General, in her discretion, to grant asylum to an alien who is a "refugee." A refugee is defined in the Act as an alien who is unable or unwilling to return to his or her home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987).
 
 
 6
 To establish eligibility for asylum based on a well-founded fear of persecution, an applicant must demonstrate a fear that is both subjectively genuine and objectively reasonable. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991). An applicant's "candid, credible and sincere testimony demonstrating a genuine fear of persecution" satisfies the subjective component of the standard. See Blanco-Comarribas v. INS, 830 F.2d 1039, 1042 (9th Cir.1987) (quotations omitted). The objective component requires "a showing, by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear that the petitioner faces persecution." Rodriguez-Rivera v. INS, 848 F.2d 998, 1002 (9th Cir.1988) (per curiam) (quotations and emphasis omitted).
 
 
 7
 An alien is entitled to withholding of deportation pursuant to 8 U.S.C. § 1253(h) if he or she establishes a "clear probability of persecution." INS v. Stevic, 467 U.S. 407, 413 (1984); Blanco-Lopez v. INS, 858 F.2d 531, 533 (9th Cir.1988). The "clear probability" standard applicable to withholding of deportation is more stringent than the "well-founded fear" standard applicable to asylum claims. De Valle v. INS, 901 F.2d 787, 790 (9th Cir.1990). Accordingly, an alien who fails to meet the "well-founded fear" standard required for asylum also fails to meet the "clear probability" standard required for withholding of deportation. Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir.1992).
 
 
 8
 In assessing the reasonableness of the alien's fear of persecution, the BIA may take administrative notice of changed political conditions within the applicant's native country and of the effect of those changes on the applicant's fear of persecution. Acewicz, No. 91-70257, slip op. at 977.
 
 
 9
 Here, Cyrulik's request for asylum is based on his fear that, as a member of Solidarity, he will be persecuted by the Communists if he returns to Poland. Cyrulik also contends he will be persecuted because he was asked by authorities to be a "snitch" and report on his fellow shipmates and he refused to do so. Nevertheless, substantial evidence supports the BIA's determination that Cyrulik has failed to demonstrate a well-founded fear of persecution based on his membership in Solidarity.[1] See id. at 978-79. Further, the record shows that Cyrulik had an opportunity to rebut the facts noticed by the BIA.[2] See Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992). Thus, Cyrulik was not denied due process, see Acewicz, No. 91-70257, slip op. at 978, and the BIA did not abuse its discretion by taking administrative notice of the changed conditions in Poland and of the effect of the changes on Cyrulik's fear of persecution, see id. We therefore agree with the BIA that Cyrulik has failed to establish statutory eligibility for asylum.
 
 
 10
 Moreover, because Cyrulik has failed to demonstrate a well-founded fear of persecution, he has therefore also failed to meet the higher standard of clear probability of persecution. See Berroteran-Melendez, 955 F.2d at 1258. Accordingly, the BIA did not err by denying Cyrulik's request for withholding of deportation.
 
 II
 Due Process Claims
 
 11
 In a deportation hearing, an alien is entitled to the fifth amendment guaranty of due process, which is satisfied only by a "full and fair hearing." Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990); Sagermark v. INS, 767 F.2d 645, 650-51 (9th Cir.1985), cert. denied, 476 U.S. 1171 (1986). A full and fair hearing requires that each case "be evaluated on its own merits to determine whether the alien's factual support and concrete evidence are sufficient" to meet the alien's burden of proof. Sarvia-Quintanilla v. INS, 767 F.2d 1387, 1392 (9th Cir.1985).
 
 
 12
 A. Consideration of the Individual Merits of Cyrulik's Application
 
 
 13
 Cyrulik contends that the BIA erred by failing to find that his applications for asylum and withholding of deportation were denied based on a "blanket" policy of denying all Polish applications filed after September 11, 1989 due to changed political conditions in Poland.[3] This contention lacks merit.
 
 
 14
 Cyrulik was given a hearing in which he was afforded a full and fair opportunity to present testimony and other evidence in support of his asylum application. See Cuadras, 910 F.2d at 573; Sagermark, 767 F.2d at 650-51. Both the IJ's and the BIA's decisions reflect that the denial of Cyrulik's application was based on the individual merits of his claim.[4] See, e.g., Acewicz, No. 91-70257, slip op. at 978 (court found that evidence of changed conditions in Poland "was not blindly applied [by the BIA] to automatically deny every asylum application submitted by a Polish alien" and that "[e]ach applicant received a full opportunity to present his case" (quotations omitted)).
 
 B. Right to Counsel
 
 15
 Cyrulik contends he was denied due process because he was not represented by counsel at his deportation hearing. The right to due process in deportation hearings entitles aliens "to obtain counsel of their choice at their own expense." Acewicz, No. 91-70257, slip op. at 980; see also 8 U.S.C. §§ 1252(b)(2), 1362. Aliens, however, have no right to appointed counsel. Acewicz, No. 91-70257, slip op. at 980.
 
 
 16
 An alien's waiver of his right to counsel at a deportation hearing must be knowing, intelligent, and voluntary. Ramirez v. INS, 550 F.2d 560, 565 (9th Cir.1977). Denial of a right to counsel, if sufficiently prejudicial, may amount to violation of the constitutional right to a full and fair hearing. Castro-O'Ryan v. Department of Immigration & Naturalization, 847 F.2d 1307, 1313 (9th Cir.1988). To prevail on a due process claim, however, the alien must show that the alleged procedural errors were prejudicial. Diaz-Escobar v. INS, 782 F.2d 1488, 1494 (9th Cir.1986).
 
 
 17
 Here, Cyrulik was apprised of his right to representation but chose to proceed without counsel. Moreover, Cyrulik has failed to show how counsel's assistance in eliciting Cyrulik's full testimony or cross-examining certain documents would have altered the outcome of the hearing. Thus, Cyrulik's due process claim fails. See id.
 
 
 18
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cyrulik contends the IJ erred by failing to find Cyrulik had a well-founded fear of persecution. Our jurisdiction is limited, however, to review of the BIA's decision. See Acewicz, No. 91-70527, slip op. at 974. Nevertheless, we will treat this argument as though it was directed at the BIA's decision
 
 
 [2]
 In response to the IJ's and INS counsel's questions regarding the changes in Poland's government, Cyrulik testified that he believed the changes were not significant and that the Communists still had power. Cyrulik also testified that he was afraid he would be persecuted if he returned to Poland because he had not acted as a snitch as authorities had requested him to do
 
 
 [3]
 To the extent Cyrulik also seeks review of the denial of his asylum application by the INS District Director, we lack jurisdiction to review the discretionary decisions of the INS District Director. See Abedi-Tajrishi v. INS, 752 F.2d 441, 443 (9th Cir.1985)
 
 
 [4]
 Cyrulik asks this court to take judicial notice that the INS District Director in Alaska has not granted a Polish alien's application for asylum since 1989. We decline to do so