29 F.3d 630
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rene ALVAREZ; Northwest Immigrant Rights Project,
Plaintiffs-Appellants,
v.
Gene MCNARY, Commissioner of the Immigration and
Naturalization Service; William P. Barr, Acting Attorney;
Immigration & Naturalization Service; Executive Office of
Immigration Review, Defendants-Appellees.
 No. 92-35452.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submission Deferred Dec. 16, 1993.
Submitted Dec. 30, 1993.
Decided July 11, 1994.
 
 Before: BROWNING, NORRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiffs-appellants Rene Alvarez and Northwest Immigrant Rights Project appeal the district court's denial of their request for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. Sec. 2412. Plaintiffs alleged that the INS's detention policies impermissibly interfered with Alvarez's right to counsel of his choice and his right to call witnesses for his deportation hearing. The parties settled the suit and plaintiffs were the prevailing parties. The district court denied plaintiffs request for attorneys' fees because it found the government's position substantially reasonable.
 
 
 3
 "Subject matter jurisdiction to decide the merits of the underlying action is a 'condition precedent' to an award of fees or costs under the EAJA." Clark v. Busey, 959 F.2d 808, 810 (9th Cir.1992). The government argues that the district court did not have jurisdiction because the INA vests judicial review of matters involved in individual deportation cases exclusively in the courts of appeals, and second, the INA requires exhaustion of administrative remedies before judicial review is sought. The government argues in the alternative that even if the district court had jurisdiction, its denial of attorneys' fees was not in error. We review the district court's assumption of subject matter jurisdiction de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989). We review the district court's denial of attorneys' fees for abuse of discretion. United States v. First Nat'l Bank of Circle, 732 F.2d 1444, 1446 (9th Cir.1984).
 
 
 4
 * First, we address the district court's jurisdiction to hear this case. The government argues that Alvarez cannot appeal to the district court the immigration judge's denial of his motion for change of venue. Alvarez, however, did not appeal the immigration judge's decision. Instead, he alleged in his complaint that his constitutional rights were violated by the Immigration Service policy of sending all detained non-Mexicans who are subject to deportation proceedings to Oakdale, Louisiana, regardless whether the transfer and place of detention interfered with established attorney-client relationships or with the ability to call witnesses on the alien's behalf. Alvarez also alleged that the immigration judge's denial of his motion for change of venue was part of an unconstitutional policy to hold deportation proceedings in Oakdale, Louisiana, regardless of an established attorney-client relationship, the alien's ability to find representation in Oakdale, and the effect on the alien's ability to call witnesses on his behalf. Although the policies may have the effect of controlling venue, plaintiffs challenged decisions or policies made outside of the deportation proceeding itself. In such cases, we have recognized that the district court is the appropriate forum for bringing suit. See Abedi-Tajrishi v. INS, 752 F.2d 441, 443 (9th Cir.1985); Ghorbani v. INS, 686 F.2d 784, 791 (9th Cir.1982). Cf. Orantes-Hernandez v. Thornburgh, 919 F.2d 549 (9th Cir.1990); Committee of Central American Refugees v. INS, 795 F.2d 1434 (9th Cir.1986), amended 807 F.2d 769 (9th Cir.1987).
 
 
 5
 The government also argues that plaintiffs' suit was barred because Alvarez failed to exhaust his administrative remedies as required by 8 U.S.C. Sec. 1105a(c) of the Immigration and Nationality Act. See Vargas v. INS, 831 F.2d 906, 907 (9th Cir.1987) ("Absent overriding justification, an alien must exhaust his administrative remedies prior to seeking review of a deportation order"). Because we hold the district court had jurisdiction, we reject the government's exhaustion argument. As we explained in Abedi-Tajrishi, the chain of administrative review that leads to review by the courts of appeals does not apply when the challenged conduct is outside the deportation proceeding. 752 F.2d at 443. The fact that Alvarez had filed a motion for change of venue and appealed its denial to the BIA does not change this analysis for the purpose of determining the jurisdiction of the district court based on the facts as alleged in the complaint.
 
 II
 
 6
 We now turn to the plaintiffs' argument that the district court abused its discretion by denying their request for attorneys' fees under the EAJA. The relevant provision of the EAJA provides:
 
 
 7
 [A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 8
 28 U.S.C. Sec. 2412(d)(1)(A). It is not disputed that plaintiffs prevailed in this case. The district court stated that: "The Court finds that the position of the government was 'substantially justified,' as defined in Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490, 504 (1988)." The district court abuses its discretion if it "based its decision on an erroneous legal conclusion or a clearly erroneous finding of fact." Thomas v. Peterson, 841 F.2d 332, 334 (9th Cir.1988). In order for us to review the district court's decision, we must know on which specific facts or law the court relied. First Nat'l Bank of Circle, 732 F.2d at 1447. It is not enough for the district court to say, as it did in this case, that it based its decision on its review of the papers filed by both parties. Therefore, we remand for the court to articulate its reasons for denying attorneys' fees under the EAJA. See id. at 1448 (remand for substantial justification findings).
 
 
 9
 The judgment of the district court is VACATED and REMANDED for a statement of reasons for denying attorneys' fees.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3