108 F.3d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Maqsood Yasin NAGY aka Maqsood Yasin Nagy, aka Mohammad, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70040.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 7, 1997.
Decided March 17, 1997.
 
 Before: REINHARDT, HALL and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Maqsood Nagy, a citizen of Pakistan, petitions this court for review of a decision of the Board of Immigration Appeals affirming the Immigration Judge's denial of his request for a continuance of his deportation proceedings. He also asks this court to review the decision of the INS District Director denying the immigrant visa petitions filed on his behalf by his spouse Alice, an American citizen.
 
 
 3
 INS regulations provide that an IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 3.29 (1996). In this case, Nagy conceded deportability but argued that the district director had committed a variety of procedural errors and relied upon incorrect factual findings in denying both of the visa petitions filed on his behalf by Alice. Given that the district director had already denied the most recent visa petition, that the IJ had no jurisdiction to review that decision,[1] and that Nagy had already conceded deportability, we agree with the Board that the IJ did not abuse his discretion in denying a continuance of the deportation proceedings.
 
 
 4
 Nagy also asks us to remand his case to the district director for readjudication of his visa petition. Our jurisdiction to review the district director's decision, if any, arises from section 106(a) of the Immigration and Naturalization Act, 8 U.S.C. § 1105a(a) (1995), which has since been repealed but remains applicable in this case. Our jurisdiction under § 106(a) to review matters not directly decided in a deportation hearing is limited to two situations: (1) when there has been a factual hearing on the issue equivalent to that required in deportation proceedings, and (2) when only a legal issue is involved. Abedi-Tajrishi v. INS, 752 F.2d 441, 443 (9th Cir.1985); see also, e.g., American Arab Anti-Discrimination Comm. v. Reno, 70 F.3d 1045, 1055 (9th Cir.1995). Neither of those situations exists here: Nagy's challenges to the denial of his petition all raise factual issues that have not been addressed in any kind of hearing. Accordingly, we lack jurisdiction to review the district director's decision.[2]
 
 The petition for review is
 
 5
 DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 See 8 C.F.R. § 3.14 (1996) (defining jurisdiction of immigration judges); id. § 103.1(g)(2)(ii)(B) (defining jurisdiction of district directors)
 
 
 [2]
 We note, however, that where we lack jurisdiction under § 106a, an alien may seek habeas corpus relief in district court. Tooloee v. INS, 722 F.2d 14341, 1436-37 (9th Cir.1983)